**This order is SIGNED.**

**Dated: January 19, 2016**



KEVIN R. ANDERSON
U.S. Bankruptcy Judge

---

*Prepared by:*

Matthew M. Boley, Esq. (8536)
**COHNE KINGHORN, P.C.**
111 East Broadway, 11th Floor
Salt Lake City, UT  84111
Telephone:  (801) 363-4300
E-mail:  mboley@cohnekinghorn.com

*Attorneys for* debtor-in-possession
SAO INVESTMENTS, LLC

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In re: | Bankruptcy No. 15-25373 |
|---|---|
| **SAO INVESTMENTS, LLC**, | Chapter 11 |
| Debtor. | Honorable Kevin R. Anderson |

### FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION
### OF DEBTOR'S CHAPTER 11 PLAN

This matter came before the Court on January 19, 2016 at 11:00 a.m. (the "**Confirmation Hearing**") to consider confirmation of the plan under chapter 11 of the Bankruptcy Code dated December 14, 2015 [Docket No. 87] (the "**Plan**") filed by SAO Investments, LLC, debtor-in-possession ("**Debtor**").  Matthew M. Boley appeared on behalf of the Debtor.  Other counsel and parties-in-interest noted their appearances on the record.

Based upon the evidence received at the Confirmation Hearing, the *Declaration of Sovatphone Ouk in Support of Confirmation of the Debtor's Chapter 11 Plan Dated December 14, 2015* [Docket No. 117], other papers filed concerning the Plan [*e.g.*, Docket Nos. 88, 92, and 100], the statements of counsel and other matters of record, having inquired into the legal sufficiency of the evidence adduced, and good cause appearing, the Court hereby

**FINDS AND CONCLUDES**[1] as follows:

A.  <u>Exclusive Jurisdiction; Venue; Core Proceeding</u>.  This Court has jurisdiction over the Bankruptcy Case[2] pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  Confirmation of the Plan is a core proceeding under 28 U.S.C. § 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.  <u>Judicial Notice</u>.  This Court takes judicial notice of the docket of the Bankruptcy Case maintained by the Bankruptcy Court, including, without limitation, all pleadings, papers and other documents filed, all orders entered, and the transcripts of, and all minute entries on the docket indicating the evidence and arguments made, proffered or adduced at the hearings held before the Court during the pendency of the Bankruptcy Case.

C.  <u>Transmittal and Mailing of Materials; Notice</u>.  All due, adequate, and sufficient notices of the Plan, the Confirmation Hearing, and the deadlines for voting on and filing objections to the Plan, were given to all known holders of Claims in accordance with the Bankruptcy Rules.  The Disclosure Statement, Plan, and relevant ballots were transmitted and served in substantial compliance with the Bankruptcy Rules upon Creditors entitled to vote on the Plan, and such transmittal and service were, and are, adequate and sufficient.  No other or further notice of the Plan or Confirmation Hearing is or shall be required.

D.  <u>Solicitation</u>.  The solicitation of votes for acceptance or rejection of the Plan complied with §§ 1125 and 1126,[3] Bankruptcy Rules 3017 and 3018, all other applicable provisions of the Bankruptcy Code, and all other rules, laws and regulations.  Based on the record before the Court in the Bankruptcy Case, the Debtor has acted in "good faith" within the meaning of § 1125, and is entitled to the protections afforded by § 1125(e).

---

[1]  Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate.  <u>See</u> Fed. R. Bankr. Pro. 7052.

[2]  Capitalized terms used but not otherwise defined herein shall have the meanings provided in the Plan.

[3]  Unless otherwise provided, all references to statutory sections in these Findings and Conclusions using the section symbol "§" are to the relevant sections of the Bankruptcy Code.

{00257851.DOCX /}

   E. <u>Distribution</u>.  All procedures used to distribute the solicitation materials to the applicable holders of Claims and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Bankruptcy Court, and all other rules, laws, and regulations.

   F. <u>Creditors' Acceptance of Plan</u>.  The Plan establishes seven Classes of Claims.  All impaired Classes have accepted the Plan.  Class 2 voted to accept the Plan by 100% in number and by 100% in amount of votes cast.  Class 3 voted to accept the Plan by 100% in number and by 100% in amount of votes cast.  Class 5 is not impaired under the Plan, and is presumed to have accepted the Plan.  No qualifying ballots were returned with respect to Classes 1, 4, 6 and 7, and no creditors in those Classes objected to confirmation of the Plan.  As such, all Classes are deemed to have accepted the Plan.[4]

   G. <u>Plan Complies with Bankruptcy Code</u>.  The Plan, as supplemented and modified by the Confirmation Order (as modified and supplemented, the "**Confirmed Plan**"), complies with the applicable provisions of the Bankruptcy Code, thereby satisfying § 1129(a)(1).

    i. <u>Proper Classification</u>.  The Claims placed in each Class are substantially similar to other Claims in each such Class.  The Confirmed Plan properly classifies Claims.  In addition to Administrative Expense Claims and Priority Tax Claims, which are not classified under the Confirmed Plan, the Plan designates various separate Classes of Claims based on differences in their legal nature or priority.  Further, valid business, factual and legal reasons exist for separately classifying the various Classes of Claims under the Plan.  Finally, the Classes do not unfairly discriminate between holders of Claims.  Thus, the Confirmed Plan satisfies §§ 1122 and 1123(a)(1).

---

[4] See, e.g., <u>In re Ruti-Sweetwater, Inc.</u>, 836 F.2d 1263, 1267-68 (10th Cir. 1988); <u>In re John Kuhni Sons, Inc.</u>, 10-29038 RKM, 2011 WL 1343206 at *4 (Bankr. D. Utah Mar. 30, 2011); <u>In re Jones</u>, 530, F.3d 1284, 1291 (10th Cir. 2008); <u>In re Armstrong</u>, 292 B.R. 678, 684 (10th Cir. B.A.P. 2003).

{00257851.DOCX /}

  ii. <u>Specify Unimpaired Classes</u>.  All Classes of Claims are designated as impaired under the Confirmed Plan.  Class 5 Equity Interests are not impaired, and the Plan properly designates Class 5 interests as unimpaired.  Thus § 1123(a)(2) is satisfied.

  iii. <u>Specify Treatment of Impaired Classes</u>.  All Classes of Claims are designated as impaired under the Confirmed Plan.  Article 4 of the Confirmed Plan specifies the treatment of the impaired Classes of Claims, thereby satisfying § 1123(a)(3).

  iv. <u>No Discrimination</u>.  The Confirmed Plan provides for the same treatment for each Claim in each respective Class unless the holder of a particular Claim has agreed to less favorable treatment with respect to such Claim, thereby satisfying § 1123(a)(4).

  v. <u>Implementation of Plan</u>.  The Confirmed Plan provides adequate and proper means for implementation of the Confirmed Plan, thereby satisfying § 1123(a)(5).  Among other things, Articles 5 and 6 of the Confirmed Plan provide for (a) the vesting of the property of the Debtor and its chapter 11 bankruptcy Estate in the Reorganized Debtor, (b) the management of the Reorganized Debtor, (c) the possibility, if necessary, of the orderly liquidation of the properties and assets of the Debtor, and (d) the continuation of the Debtor's business operations to generate revenues, a portion of which will be set aside, segregated and distributed to Creditors.

  vi. <u>Corporate Charter Provision Inapplicable</u>.  Section 1123(a)(6) is not applicable as the Debtor is sole member limited liability company.

  vii. <u>Selection of Post-Confirmation Manager</u>.  The Disclosure Statement and/or the Confirmed Plan designate and disclose Sovatphone Ouk as the post-confirmation manager of the Reorganized Debtor.  Further, provisions in the Confirmed Plan regarding the manner of selection of the Reorganized Debtor's manager are consistent with the interests of Creditors and with public policy.  Thus, § 1123(a)(7) is satisfied.

      viii.   <u>Additional Plan Provisions</u>. The Confirmed Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including provisions respecting (a) the assumption of executory contracts and unexpired leases, (b) the retention and future enforcement by the Debtor of claims under chapter 5 of the Bankruptcy Code and otherwise, and (c) modification of the rights of holders of secured claims, thus satisfying the requirements of § 1123(b).

      ix.   <u>Bankruptcy Rule 3016(a)</u>. The Confirmed Plan is dated and identifies the Debtor as the proponent, thereby satisfying Bankruptcy Rule 3016(a).

H.   <u>The Confirmed Plan and the Proponent Comply with the Bankruptcy Code</u>. The Confirmed Plan complies with the applicable provisions of the Bankruptcy Code. Likewise, the Debtor has complied with the applicable provisions of the Bankruptcy Code. Thus, §§ 1129(a)(1) and (a)(2) are satisfied.

      i.   The Debtor is a proper proponent of the Confirmed Plan under § 1121(c).

      ii.   The Plan complies, and Debtor has complied, generally with applicable provisions of the Bankruptcy Code.

      iii.   The Debtor has complied with the applicable provisions of the Bankruptcy Code, including § 1125, the Bankruptcy Rules, and other orders of the Court in transmitting the Plan, the Disclosure Statement, the ballots, related documents and notices, and in soliciting and tabulating votes on the Plan.

I.   <u>Good Faith</u>. The Debtor filed the Bankruptcy Case in good faith and for a valid reorganizational purpose. Additionally, the Confirmed Plan is proposed in good faith and not by any means forbidden by law, and therefore complies with the requirements of § 1129(a)(3). In determining that the Debtor filed the Bankruptcy Case in good faith and that the Confirmed Plan has been proposed in good faith, the Court has examined the totality of the circumstances surrounding the filing of the Bankruptcy Case and the formulation of the Confirmed Plan. Among other things, the Court finds:

  i. the Debtor filed this chapter 11 Case, and has proposed the Plan, for a valid bankruptcy purpose;

  ii. neither this Case nor the Plan was filed as a litigation tactic or for delay;

  iii. the Debtor has been, and is, actively prosecuting this Case;

  iv. the Debtor proposed the Plan with the legitimate and honest purpose of, among other things, restructuring its financial affairs and providing a meaningful return to all classes of creditors and interests;

  v. the Plan is the fruit of arms-length negotiations with creditors, including input from and discussions with Fairview Holdings I, LLC ("**Fairview**");

  vi. the Plan contemplates distributions to the holders of allowed claims from the orderly liquidation of the Debtor's assets;

  vii. the Debtor has substantial assets to fund repayment of creditor claims under the Plan, including cash on hand sufficient to pay all allowed claims on the Effective Date;

  viii. the Debtor has, or had, assets of substantial value which have been, or can be, sold to fund payments under the Plan;

  ix. this is not a case involving a single creditor;

  x. rather, there are multiple creditors;

  xi. the Debtor has a reasonable possibility of reorganization and/or rehabilitation; and

  xii. the Plan is feasible, practicable and there is a reasonable likelihood that the Plan will achieve its intended results, which are consistent with the purposes of the Bankruptcy Code.

J. <u>Payments for Services or Costs and Expenses</u>.  Any payment made or to be made under the Confirmed Plan for services or for costs and expenses in or in connection with the Bankruptcy Case prior to the Effective Date, including all fees and expenses incurred by

{00257851.DOCX /}

Professionals, has been approved by, or is subject to the approval of, the Court as reasonable, thereby satisfying § 1129(a)(4).

K.  <u>Manager of the Reorganized Debtor</u>.  The Confirmed Plan and/or the Disclosure Statement identify Sovatphone Ouk as the manager of the Debtor after the Effective Date.  The service of Mr. Ouk as post-confirmation manager is consistent with the interests of the holders of Claims and with public policy.  Therefore, the requirements of § 1129(a)(5) are satisfied.

L.  <u>No Rate Changes</u>.  The Confirmed Plan satisfies § 1129(a)(6) because the Confirmed Plan does not provide for any change in rates over which a governmental regulatory commission has jurisdiction.

M.  <u>Best Interests of Creditors Test</u>.  The Confirmed Plan satisfies § 1129(a)(7) with respect to all Classes of Claims, because all Classes have accepted the Plan as modified in the Confirmation Order, which modifications have resulted in the Confirmed Plan.  In addition, the holders of all Classes of Claims will receive or retain under the Confirmed Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the property of the Estate was liquidated under chapter 7 of the Bankruptcy Code on such date.  Indeed, based upon the net proceeds that the Debtor has realized from the sale of the Debtor's real property (after payment of the secured claim of Fairview, the secured claim(s) of Salt Lake County, and all closing costs and commissions payable in connection with the sale) the Plan contemplates that all Allowed Class 1 and Allowed Class 2 Claims will be paid in full.  These payments to creditors will be funded from the cash proceeds resulting from the orderly liquidation of the Debtor's assets.  Thus, creditors are assured to receive no less than they would in a chapter 7 liquidation.

N.  <u>Acceptance by Certain Classes</u>.  All Classes have accepted the Confirmed Plan, as noted above, thereby satisfying § 1129(a)(8). Class 2 (General Unsecured Claims) voted to accept the Plan by 100% in number and by 100% in amount of votes cast.  Class 3 (Fairview Holdings Claims) voted to accept the Plan by 100% in number and by 100% in amount of votes

cast. Class 5 is not impaired under the Plan, and is presumed to have accepted the Plan. Classes 1, 4, 6 and 7 neither returned any ballots nor objected to confirmation. As such, they are deemed to have accepted the Plan. See In re Ruti-Sweetwater, Inc., 836 F.2d 1263, 1267-68 (10th Cir. 1988) (holding that non-voting secured creditor who did not timely object to confirmation was deemed to accept the Plan).

O.     Treatment of Administrative Expense Claims and Priority Tax Claims. The Confirmed Plan satisfies the requirements of § 1129(a)(9). Except to the extent the holder of a particular Claim agrees to a different treatment, the Plan specifies that Administrative Expense Claims (including professional compensation) and Priority Tax Claims shall be paid as mandated by § 1129(a)(9).

P.     Acceptance by at Least One Impaired Class. All Classes have accepted the Confirmed Plan, and the acceptance of at least one of such accepting impaired Classes has been determined without including the votes of any insiders, thus satisfying § 1129(a)(10).

Q.     Feasibility. The Confirmed Plan is feasible and complies with § 1129(a)(11) because confirmation is not likely to be followed by the need for further financial reorganization of the Debtor, except as expressly provided for in the Plan. The Confirmed Plan specifically contemplates the possibility of an orderly liquidation of the Debtor's assets to fund distributions under the Confirmed Plan.

R.     As authorized pursuant to the Order dated January 7, 2016 [Docket No. 108] (the "**Sale Order**"), on or about January 11, 2016, the Debtor closed on the sale of its real property located at or about 3135 South Richmond Street, Salt Lake City, Utah (the "**Richmond Street Property**" or the "**Property**"). The Class 3 Secured Claim of Fairview and the Class 4 Secured Claim of Salt Lake County were paid in full from the closing/escrow. After payment of these secured claims and all other amounts payable in connection with the closing (including closing costs, commission and prorations), the Debtor received net proceeds in the amount of $676,075.22, which was delivered to the Debtor via wire transfer to the attorney trust account of

{00257851.DOCX /}

Cohne Kinghorn, P.C., the Debtor's general bankruptcy counsel, where the funds shall be held pending distribution pursuant to the terms of the Confirmed Plan.

S.  This "cash on hand" is anticipated to be sufficient to pay in full all administrative expenses, to provide a sufficient reserve for payment of future administrative expenses, to pay in full all Allowed Class 1 Claims, to pay in full all Allowed Class 2 Claims, and Even after funds sufficient to pay all administrative expenses and claims are paid or reserved, and to permit a cash distribution to the holders of Class 5 Equity Interests.

T.  In summary, the evidence shows that the Confirmed Plan offers a reasonable prospect of success, and is workable.  As such, the requirements of section 1129(a)(11) are satisfied.

U.  <u>Payment of Fees</u>.  All fees payable under 28 U.S.C. § 1930 have been paid or will be paid on or before the Effective Date pursuant to section 2.2.3 of the Confirmed Plan, thereby satisfying § 1129(a)(12).

V.  <u>Continuation of Retiree Benefits</u>.  The Confirmed Plan complies with § 1129(a)(13) because the Debtor is not obligated to pay any retiree benefits subject to § 1114.

W.  <u>No Domestic Support Obligations</u>.  The Debtor does not have any domestic support obligations.  Therefore, § 1129(a)(14) is not applicable.

X.  <u>Projected Disposable Income</u>.  The Debtor is not an individual.  Therefore § 1129(a)(15) is inapplicable.

Y.  <u>Transfers Will Comply with Nonbankruptcy Law</u>.  The Plan complies with § 1129(a)(16) because any transfers of assets to be made under the Confirmed Plan will be made in accordance with applicable nonbankruptcy law that governs the transfer of property by a corporation or trust that is not a moneyed, business, or commercial corporation or trust.

Z.  <u>Fair and Equitable; No Unfair Discrimination</u>.  All Classes of Claims have accepted (or are deemed to have accepted) the Confirmed Plan.  As such, compliance with § 1129(b) is not required as to such accepting Classes.

AA. <u>No Other Plan.</u>  No other chapter 11 plan is pending before the Court in this Bankruptcy Case.  Accordingly, § 1129(c) does not apply.

BB. <u>Principal Purpose of Plan.</u>  The principal purpose of the Confirmed Plan is not the avoidance of taxes or the avoidance of the application of section 5 of the Securities Act of 1933 (15 U.S.C. § 77e).  Therefore, the Confirmed Plan satisfies the requirements of § 1129(d).

CC. <u>Small Business Case.</u>  It has not been more than 45 days since the Plan was filed.  As such, confirmation of the Plan will satisfy the requirements of § 1129(e).

DD. <u>Solicitation</u>.  As evidenced by the docket in this Case, the Plan, the Disclosure Statement, and appropriate ballots were transmitted and served on all parties entitled to copies of thereof (including all persons entitled to vote on the Plan) in substantial compliance with the Bankruptcy Code, Bankruptcy Rules and relevant orders of the Court.  It appears that all procedures used to distribute solicitation materials for the Plan and to tabulate the ballots were fair and conducted in accordance with the Bankruptcy Code, the Bankruptcy Rules, the local rules of the Court, and all other rules, laws, and regulations.

EE. <u>Approval of Effective Date Distributions</u>.  The Debtor has proposed to make certain distributions on the Effective Date of the Plan, as more particularly described in the notice filed January 14, 2016 [Docket No. 120] (collectively, the "**Effective Date Distributions**"), including payment of all Class 2 nonpriority claims in full, and distribution of $300,000 to the holders of Class 5 Equity Interests.  The Debtor's cash on hand is sufficient to fund all of the proposed Effective Date Distributions, while at the same time providing a sufficient reserve for known and anticipated administrative expenses.  The proposed Effective Date Distributions are reasonable and are consistent with the terms of the Confirmed Plan, including the distribution priorities described in section 5.6 of the Confirmed Plan.  Good cause exists to approve the Effective Date Distributions and to authorize the Debtor to make said distributions on the Effective Date.

FF. <u>Waiver of 30-Day Waiting Period</u>. The Debtor has waived the requirement that thirty days after the Confirmation Date must pass before the Plan shall become effective. As such, if the conditions precedent specified in section 9.1 of the Confirmed Plan shall have occurred, the Effective Date of the Confirmed Plan shall occur on the first business day after the 14-day stay applicable under Federal Rule of Bankruptcy Procedure 3020(e) has expired.

GG. The Court announced other findings of fact and conclusions of law on the record at the Confirmation Hearing, which findings and conclusions are incorporated herein by reference.

HH. In summary, the Confirmed Plan complies with, and the Debtor has satisfied, all applicable confirmation requirements, and the Confirmed Plan will be confirmed by entry of the separate Confirmation Order.

-------------------------------------- END OF DOCUMENT --------------------------------------

## DESIGNATION OF PARTIES TO BE SERVED

Service of the foregoing **FINDINGS AND CONCLUSIONS REGARDING CONFIRMATION OF DEBTOR'S CHAPTER 11 PLAN** shall be served to the parties and in the manner designated below:

**By Electronic Service**: I certify that the parties of record in this case as identified below, are registered CM/ECF users, and will be served notice of entry of the foregoing Order through the CM/ECF System:

- Matthew M. Boley     mboley@cohnekinghorn.com, jhasty@cohnekinghorn.com
- Mona Lyman Burton     mburton@hollandhart.com, ckelly@hollandhart.com;intaketeam@hollandhart.com;slclitdocket@hollandhart.com
- Laurie A. Cayton tr     laurie.cayton@usdoj.gov, James.Gee@usdoj.gov;Lindsey.Huston@usdoj.gov;Suzanne.Verhaal@usdoj.gov
- Bradley C. Johnson     bcjohnson@slco.org, PPodwys@slco.org
- Alex B. Leeman     aleeman@princeyeates.com
- Sherilyn A. Olsen     solsen@hollandhart.com, slclitdocket@hollandhart.com;intaketeam@hollandhart.com;ckelly@hollandhart.com
- Mitchel H. Perkiel     mitchel.perkiel@troutmansanders.com, harriet.cohen@troutmansanders.com;brett.goodman@troutmansanders.com;nymc@troutmansanders.com
- United States Trustee     USTPRegion19.SK.ECF@usdoj.gov

/s/ Matthew M. Boley